GEORGE CHERRICK *ET AL.*, PLAINTIFFS-APPELLANTS, v. THOMAS F. SMITH, ETC., *ET AL.*, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued March 24, 1977—Decided March 24, 1977.

Before Judges ALLCORN, MICHELS and MILMED.

*Messrs. Seymour Margulies and Robert E. Margulies* argued the cause for appellants (*Messrs. Brigadier & Margulies,* attorneys).

*Mr. Edward A. Wascoe,* Assistant Corporation Counsel, argued the cause for the respondents (*Thomas Fodice,* Acting Corporation Counsel, attorney).

PER CURIAM. Given the constitutional propriety of a reasonable period of residence as a qualification for candidacy for election to a municipal governing body, *Stothers v. Martini,* 6 *N. J.* 560 (1951), the reasons underlying such requirement apply equally to the candidates for one municipality as to those for another. *Gangemi v. Rosengard,* 44 *N. J.*

166, 176 (1965). Thus, no justification whatever exists for requiring that a candidate for the governing body in a Faulkner Act community must have been a resident of the community for two years if the community is a city of the first class, but is not subject to any such residency requirement if the community be other than a city of the first class, *N. J. S. A.* 40:69A–167.1. The candidate seeking a place on the governing body of a city of the first class is improperly discriminated against, without any reasonable or rational basis. If it is important to have a two-year previous knowledge of the community and its problems before becoming a member of the governing body in cities of the first class, such requirement is equally important in all other municipalities.

The judgment of the Law Division is reversed and the cause is remanded to the Law Division with directions to enter judgment in favor of plaintiffs, enjoining and restraining defendant city clerk from refusing to accept and file the nominating petitions of the plaintiff Campenni by reason of his lack of residence in Jersey City for two years, provided they otherwise conform with applicable requirements.